**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LOEWY ENTERPRISES<br>d/b/a SUNRISE PRODUCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No.  5:20-CV-671 |
| BUFFETS, LLC, ALAMO OVATION, LLC,<br>FMP SA MANAGEMENT GROUP, LLC,<br>FOOD MANAGEMENT PARTNERS, INC.,<br>ALLEN JONES, LARRY HARRIS and<br>JASON KEMP, | § § § § § § | |
| *Defendants*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Loewy Enterprises d/b/a Sunrise Produce Company ("Sunrise" or "Plaintiff"), by and through undersigned counsel, as and for its original complaint against Defendants Buffets, LLC ("Buffets"), Alamo Ovation, LLC ("Alamo"), FMP SA Management Group, LLC ("FMP SA"), Food Management Partners, Inc. ("FMP"), Allen Jones ("Jones"), Larry Harris ("Harris") and Jason Kemp ("Kemp") (collectively, Buffets, Alamo, FMP SA, FMP, Jones, Harris and Kemp are the "Defendants"), alleges as follows:

### I.     JURISDICTION AND VENUE

1.     Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

2.     Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District.

DocID: 4828-5726-8671.1

## II.     **PARTIES**

3.     Plaintiff Loewy Enterprises d/b/a Sunrise Produce Company is a California corporation with its principal place of business in Fullerton, California, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4.     Defendant Buffets, LLC is a Minnesota limited liability company with its principal place of business in Hollywood Park, Texas, engaged in the business of buying wholesale quantities of produce in interstate commerce for sale as meals, and was at all relevant times subject to licensure under the provisions of PACA as a dealer. Upon information and belief, Buffets, LLC may be served through its registered agent, Peter Donbavand at 120 Chula Vista, Hollywood Park, TX 78232, or wherever else he may be found.

5.     Defendant Alamo Ovation, LLC is a Texas limited liability company with its principal place of business in Hollywood Park, Texas, and was at all relevant times engaged in the business of operating, managing and/or facilitating the activities of Buffets. Upon information and belief, Alamo Ovation, LLC may be served through its registered agent, Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701, or wherever else it may be found.

6.     Defendant FMP SA Management Group, LLC is a Texas limited liability company with its principal place of business in Hollywood Park, Texas, and was at all relevant times engaged in the business of operating, managing and/or facilitating the activities of Buffets. Upon information and belief, FMP SA Management Group, LLC may be served through its registered agent, Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701, or wherever else it may be found.

DocID: 4828-5726-8671.1

7.      Defendant Food Management Partners, Inc. is a Texas corporation with its principal place of business in Hollywood Park, Texas, and was at all relevant times engaged in the business of operating, managing and/or facilitating the activities of Buffets. Upon information and belief, Food Management Partners, Inc. may be served through its registered agent, Capitol Corporate Services, Inc. at 206 E. 9th Street, Suite 1300, Austin, Texas 78701, or wherever else it may be found.

8.      Defendant Jones is and was a member, manager and/or equity holder of Buffets, Alamo, FMP SA and an officer, director and/or shareholder of FMP during the period of time in question who controlled the operations of Buffets, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff. Upon information and belief, Allen Jones can be served at his home address located at 73 La Escalera, San Antonio, Texas 78261, or wherever else he may be found.

9.      Defendant Harris is and was a member, manager and/or equity holder of Buffets, Alamo, FMP SA and an officer, director and/or shareholder of FMP during the period of time in question who controlled the operations of Buffets, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff. Upon information and belief, Larry Harris can be served at his home address located at 840 FM 474, Boerne, Texas 78006, or wherever else he may be found.

10.     Defendant Kemp is and was a member, manager and/or equity holder of Buffets, Alamo, FMP SA and an officer, director and/or shareholder of FMP during the period of time in question who controlled the operations of Buffets, and upon information and belief was in a position of control over the PACA trust assets belonging to Plaintiff. Upon information and belief, Jason Kemp can be served at his home address located at 227 Seewald Road, Boerne, Texas 78006, or wherever else he may be found.

DocID: 4828-5726-8671.1

### III.    GENERAL ALLEGATIONS AND FACTS

11.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

12.     Buffets, Alamo, FMP SA and FMP are subject to licensure under PACA as a dealer, as that term is defined at 7 U.S.C. § 499a(6), and satisfy all of the conditions precedent to being considered a dealer under PACA.

13.     Between November 15, 2019 and March 15, 2020, Plaintiff sold and delivered to Defendants $119,331.16 worth of goods, $111,386.72 worth of which constituted wholesale quantities of produce that had been shipped or moved in interstate commerce.

14.     Defendants accepted the goods but have failed to make full payment for the goods when payment was due, despite repeated demands, and presently owe Plaintiff the principal sum of $119,331.16.

15.     At the time of receipt of the produce, Sunrise became a beneficiary of the PACA statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

16.     Sunrise preserved its interest in the PACA trust in the amount of $111,386.72 by delivering invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4) and remains a beneficiary of the PACA trust until full payment is made for the produce.

17.     Defendants' failure, refusal and inability to pay Sunrise, in addition to the cessation of business at all of Defendants' restaurants, indicates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Sunrise and are dissipating trust assets.

DocID: 4828-5726-8671.1

IV.   <u>CAUSES OF ACTION</u>

<u>AS AND FOR A FIRST CAUSE OF ACTION AGAINST
DEFENDANTS BUFFETS, JONES, HARRIS and KEMP</u>
(Injunctive Relief)

18.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 17 above as if fully set forth herein.

19.     The failure of Defendants to make prompt payment to Sunrise of trust funds in the amount of $111,386.72 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

20.     Pursuant to PACA and the prevailing cases, Sunrise is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Sunrise, and requiring the turnover to Sunrise of PACA trust funds in the possession of third parties.

<u>AS AND FOR A SECOND CAUSE OF ACTION AGAINST
DEFENDANTS BUFFETS, JONES, HARRIS and KEMP</u>
(Failure to Make Prompt Payment of Trust Funds)

21.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 20 above as if fully set forth herein.

22.     Defendants received each of the produce shipments on which this action is based.

23.     PACA requires Defendants to promptly tender to Sunrise full payment for the produce received in those shipments.

24.     Defendants have failed and refused to pay for the produce supplied by Sunrise within the period required by 7 C.F.R. § 46.2(aa)(5).

DocID: 4828-5726-8671.1

25.     As a direct and proximate result of Defendants' failure to pay promptly, Sunrise has incurred damages in the amount of $111,386.72, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT BUFFETS
(Failure to Pay For Goods Sold)

26.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27.     Buffets has failed and refused to pay Plaintiff the amount of $119,331.16 owed to Plaintiff for goods received by Buffets from Plaintiff.

28.     As a direct and proximate result of Buffet's failure to pay promptly, Plaintiff has incurred damages in the amount of $119,331.16, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT BUFFETS
(Breach of Contract)

29.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 28 above as if fully set forth herein.

30.     Buffets received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

31.     Plaintiff's invoices to Buffets constitute valid and enforceable agreements between the parties.

32.     Buffets breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

33.     Plaintiff has performed all the duties, obligations and conditions precedent on its part to be performed under the invoices.

- 6 -

34.     As a direct and proximate result of Buffets' breach of contract, Plaintiff has suffered damages in the amount of $119,331.16, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT JONES**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

35.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36.     Defendant Jones is and was a manger, member and/or equity holder who operated Buffets during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Sunrise.

37.     Defendant Jones failed to direct Buffets to fulfill its statutory duty to preserve PACA trust assets and pay Sunrise for the produce it supplied.

38.     Defendant Jones' failure to direct Buffets to maintain PACA trust assets and pay Sunrise for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

39.     As a result of said unlawful dissipation of trust assets, Sunrise has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT HARRIS**
(Unlawful Dissipation of Trust Assets by a Corporate Official)

40.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41.     Defendant Harris is and was a manger, member and/or equity holder who operated Buffets during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Sunrise.

DocID: 4828-5726-8671.1

42.     Defendant Harris failed to direct Buffets to fulfill its statutory duty to preserve PACA trust assets and pay Sunrise for the produce it supplied.

43.     Defendant Harris' failure to direct Buffets to maintain PACA trust assets and pay Sunrise for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

44.     As a result of said unlawful dissipation of trust assets, Sunrise has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT KEMP
(Unlawful Dissipation of Trust Assets by a Corporate Official)

45.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 44 above as if fully set forth herein.

46.     Defendant Kemp is and was a manger, member and/or equity holder who operated Buffets during the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Sunrise.

47.     Defendant Kemp failed to direct Buffets to fulfill its statutory duty to preserve PACA trust assets and pay Sunrise for the produce it supplied.

48.     Defendant Kemp's failure to direct Buffets to maintain PACA trust assets and pay Sunrise for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

49.     As a result of said unlawful dissipation of trust assets, Sunrise has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

DocID: 4828-5726-8671.1

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS ALAMO, FMP SA and FMP
### (Unlawful Receipt and Retention of PACA Trust Assets)

50.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 49 above as if fully set forth herein.

51.     During the relevant time period, Alamo, FMP SA and FMP were responsible for the operation, management and/or facilitating the activities of Buffets and its various restaurants.

52.     In performing these duties for or on behalf of Buffets, proceeds from the sale of produce delivered by Sunrise, and proceeds from the sale of meals made with produce supplied by Sunrise, were transferred by Buffets to Alamo, FMP SA and/or FMP.

53.     All transfers from Buffets that were received by Alamo, FMP SA and/or FMP were made in breach of the PACA trust.

54.     Upon information and belief, Alamo, FMP SA and/or FMP continue to hold any and all proceeds from the sale of produce, or from the sale of meals made with produce, having come into their possession as trustee for Plaintiff.

55.     As a direct and proximate result of Alamo, FMP SA and/or FMP retaining proceeds from the sale of produce without delivery to Plaintiff, Plaintiff has been damaged in an amount to be determined at trial in this matter but in no event less than the sum of $111,386.72.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANTS BUFFETS, ALAMO, FMP SA and FMP
### (Alter Ego Liability)

56.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 55 above as if fully set forth herein.

DocID: 4828-5726-8671.1

57.     Jones, Harris and Kemp are all identified as officers and managers of Buffets, Alamo, FMP SA and FMP in the records maintained by the Minnesota and Texas Secretaries of State.

58.     Buffets, Alamo, FMP SA and FMP have the same principal place of business.

59.     Buffets, Alamo, FMP SA and FMP use the same banking institutions.

60.     Buffets, Alamo, FMP SA and FMP have many of the same business partners and suppliers.

61.     Upon information and belief, Alamo, FMP SA and FMP are mere holding companies or pass-through entities that derive no income of their own and/or conduct no business of their own.

62.     Upon information and belief, the officers, directors and/or shareholders of Buffets, Alamo, FMP SA and FMP do not act independently in the interest of those companies, but take direction from the principals or entities that have sufficient capitalization.

63.     Upon information and belief, Buffets, Alamo, FMP SA and FMP have grossly inadequate capital.

64.     Upon information and belief, some of the corporate defendants pay the salaries, expenses or losses of the other corporate defendants.

65.     Upon information and belief, Buffets, Alamo, FMP SA and FMP have commingled corporate funds.

66.     Buffets, Alamo, FMP SA and FMP have abused the corporate form to deprive Sunrise of the PACA trust funds to which it is entitled.

67.     Buffets, Alamo, FMP SA and FMP are alter egos of one another, entitling Sunrise to recover the PACA debt, jointly and severally, from each of the corporate defendants.

DocID: 4828-5726-8671.1

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interest and Attorneys' Fees)

68.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 67 above as if fully set forth herein.

69.     PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

70.     As a result of Defendants' continued failure to make full payment promptly in the amount of $119,331.16, Plaintiff has been required to pay attorneys' fees and costs in order to bring this action to require Defendants to comply with their contractual and statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

## V.      PRAYER

Plaintiff Lowey Enterprises d/b/a Sunrise Produce Company respectfully prays that citation be issued and served, and upon final herein thereof, that Plaintiff have judgment against Defendants Buffets, LLC, Alamo Ovation, LLC, FMP SA Management Group, LLC, Food Management Partners, Inc., Allen Jones, Larry Harris and Jason Kemp as follows:

A.     On the first cause of action, preliminary and permanent injunction enjoining and restraining defendants Buffets, Jones, Harris and Kemp and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.     On the second cause of action, judgment in favor of Plaintiff and against defendants Buffets, Jones, Harris and Kemp, jointly and severally, in the amount of $111,386.72 under the trust provisions of PACA;

C.     On the third cause of action, judgment in favor of Plaintiff and against defendant Buffets in the amount of $119,331.16;

- 11 -

D.      On the fourth cause of action, judgment in favor of Plaintiff and against defendant Buffets in the amount of $119,331.16;

E.      On the fifth cause of action, judgment in favor of Plaintiff and against defendant Jones in the amount of $111,386.72 under the trust provisions of PACA;

F.      On the sixth cause of action, judgment in favor of Plaintiff and against defendant Harris in the amount of $111,386.72 under the trust provisions of PACA;

G.      On the seventh cause of action, judgment in favor of Plaintiff and against defendant Kemp in the amount of $111,386.72 under the trust provisions of PACA;

H.      On the eighth cause of action, judgment in favor of Plaintiff and against defendants Alamo, FMP SA and FMP, jointly and severally, in the amount of $111,386.72 under the trust provisions of PACA;

I.      On the ninth cause of action, a declaration that defendants Buffets, Alamo, FMP SA and FMP are alter egos;

J.      On the tenth cause of action, judgment in favor of Plaintiff against all Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

K.      Such other and further relief as the Court deems just and proper.

DocID: 4828-5726-8671.1

Dated:  June 4, 2020

Respectfully submitted,

HUSCH BLACKWELL LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701
Tel: (512) 579-9758
Fax: (512) 479-1101

By: */s/ Lynn Hamilton Butler*
    Lynn Hamilton Butler
    Texas State Bar No. 03527350
    lynn.butler@huschblackwell.com
    Timothy P. Ribelin
    Texas State Bar No. 24091055
    tim.ribelin@huschblackwell.com

***ATTORNEYS FOR PLAINTIFF***

- 13 -